UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

LIN FENG XU,

Defendant.

11-CR-777

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On December 5, 2011, Lin Feng Xu pled guilty to both counts of a two-count information. Count One charged that on September 17, 2011, Xu, together with others, within the Eastern District of New York and elsewhere, fraudulently, knowingly, and intentionally concealed and attempted to export from the United States elephant ivory, in violation of 18 U.S.C. § 554. Count Two charged that on the same date, within the Eastern District of New York and elsewhere, Xu, together with others, knowingly and intentionally traded in elephant ivory, in violation of 16 U.S.C. § 1538(c).

Xu was sentenced on March 13, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 12 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between ten and sixteen months. The Guidelines provide alternatively that the suggested minimum term in this case can be satisfied by a sentence of imprisonment and a term of supervised release with a condition substituting community confinement or home detention for imprisonment—provided that at least half of the suggested minimum term is satisfied by imprisonment. *See* U.S.S.G. § 5C1.1(d)(2). The first count to which Xu pled guilty carries a maximum term of imprisonment of ten years and a maximum fine of $250,000. *See* 18 U.S.C. §§ 554(a), 3571(b)(3). The second carries a maximum term of imprisonment of one year and a maximum fine of $50,000. *See* 16 U.S.C. § 1540(b)(1).

Xu was sentenced to time served and was ordered to pay a $50,000 fine. A term of four years of supervised release—three years on the first count to which Xu pled, and one on the second—was ordered. Special assessments of $100 and $25 were imposed—$100 for the first count to which Xu pled, and $25 for the second.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offenses to which the defendant pled guilty are serious ones; the illegal trade in ivory has, in recent years, contributed greatly to an alarming decline in the number of African elephants. Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is thirty years old, and is a citizen of the People's Republic of China. He had a good upbringing, and, before his arrest for the instant offenses, worked for his father in an art collection and auction business. His involvement with that business led to the instant prosecution. Defendant is married to a woman who has remained supportive of him. Both are highly educated and devoted to each other; she traveled to the United States from their home in China to be with him before his sentencing. Both have convincingly demonstrated themselves to be extremely contrite for defendant's criminal behavior. The couple has a young child, who currently resides in China with defendant's parents. Sentencing the defendant to a lengthy term of imprisonment would be highly detrimental to her welfare, especially since she has already been separated from her father for

some time. The defendant suffered the equivalent of severe house arrest while on bail awaiting sentence—roughly the equivalent of a jail term of five months.

A sentence of time served, the fine imposed, and the term of supervised release required reflect the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the substantial fine ordered and the term of supervised release imposed. The forfeiture of valuable ivory pieces bought by defendant's family also acts as a general deterrent. Specific deterrence is a consideration of comparatively less importance in this case, since the defendant appears highly unlikely to engage in criminal behavior in the future.

Jack B. Weinstein
Senior United States District Judge

Dated: March 13, 2012
Brooklyn, New York

4